**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO.: 4:05CR-36-M**

**UNITED STATES OF AMERICA**  **PLAINTIFF**

**v.**

**MATTHEW STEWARD**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by the Defendant for a preliminary determination of admissibility of evidence [DN 52]. The Defendant requests a determination that an opinion by Dr. Geoffrey McKee is relevant as to the Defendant's insanity or diminished capacity defense and is therefore admissible. The Government joins the motion [DN 53] but seeks a determination that Dr. McKee's opinion is inadmissible. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Under a superseding indictment the Defendant, Matthew Steward, was charged with various counts of receiving, distributing, and possessing child pornography in violation of 18 U.S.C. § 2252A. As a defense, the Defendant asserts that he was insane or otherwise suffered from a diminished capacity at the time he allegedly committed the crimes. Dr. McKee has purportedly determined after an examination that "at the time of the alleged offenses, [the Defendant's] capacity to conform his conduct to the requirements of the law was compromised by mental disease or defect . . . ." (Def.'s Motion [DN 52] at p. 3.) The Defendant argues that this conclusion is relevant to show motive and that motive is always an issue in a criminal trial.

The Government, on the other hand, argues that Dr. McKee's testimony is inadmissible because it is not relevant. According to the Government Dr. McKee won't be testifying that the

Defendant was insane at the time the offenses were committed and, therefore, any testimony that the Defendant was suffering from a mental disease or defect does not constitute a defense. See 18 U.S.C. § 17(a). The Government argues that the only time diminished capacity evidence is admissible is when the evidence tends to negate the mens rea element of a specific intent crime. Since the Defendant is charged only with general intent crimes, the Government asserts that the Defendant cannot use evidence of diminished capacity as a defense.

## II. DISCUSSION

Dr. McKee's opinion is not relevant as to the Defendant's insanity defense because his opinion does not establish that the Defendant was legally insane during the pertinent time periods. To establish an insanity defense, the Defendant must prove by clear and convincing evidence that "as a result of a severe mental disease or defect, [he] was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a). This defense "'is not concerned with the mens rea element of the crime; rather, it operates to completely excuse the defendant whether or not guilt can be proven.'" United States v. Gonyea, 140 F.3d 649, 651 (6th Cir. 1998) (citing United States v. Twine, 853 F.2d 676, 678 (9th Cir. 1988)). Under the statutory definition of insanity, however, "the defendant's inability to conform his or her conduct to the requirements of law does not serve as exculpation." 24 Moore's Federal Practice, § 612.2.02[2] (Matthew Bender 3d ed.). Since Dr. McKee's proffered opinion does not establish that the Defendant, at the relevant times, was unable to appreciate the nature and quality or the wrongfulness of his alleged acts, his opinion is not admissible to establish he was insane.

Dr. McKee's opinion as to whether the Defendant was suffering from a diminished capacity is also irrelevant because "[i]n the federal courts, diminished capacity may be used only to negate

the mens rea of a specific intent crime." Gonyea, 140 F.3d at 650 (citations omitted). Unlike the insanity defense, "the diminished capacity defense . . . is not an excuse." Id. at 651. Instead, it "'is directly concerned with whether the defendant possessed the ability to attain the culpable state of mind which defines the crime.'" Id. (quoting Twine, 853 F.2d at 678). Here, each of the crimes with which the Defendant was charged requires only that he *knowingly* received, distributed, and possessed child pornography. See 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). These crimes are general intent crimes. Gonyea, 140 F.3d at 653 ("[c]ourts generally hold that a specific intent crime is one that requires a defendant *to do more than knowingly* act in violation of the law.") (emphasis added). Therefore, Dr. McKee's opinion is inadmissible for purposes of establishing that the Defendant was suffering from a diminished capacity at the time he allegedly committed the crimes in order to show the Defendant's motive.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's motion [DN 52] for a preliminary determination of admissibility of evidence, joined by the Government, is **GRANTED**. **IT IS FURTHER ORDERED** that Dr. McKee's opinion is **INADMISSIBLE** as irrelevant.

cc:     counsel of record